Obrie Eugene WHITE *v.*
STATE of Arkansas

CR 74-20                                          510 S.W. 2d 285

Opinion delivered June 17, 1974

*John W. Parkerson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of robbery, as a multiple offender, by a jury and his punishment assessed at 21 years in the Department of Correction. For reversal appellant first contends through present court appointed counsel that the court erred in permitting the state to adduce testimony which tended to indicate that the appellant had committed other crimes or showed criminal misbehavior independent of the alleged offense for which he was being tried. We cannot agree.

Appellant correctly contends that evidence of other crimes by the accused cannot be used to prove the alleged offense at issue if not relevant to show intent. *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954). Neither is evidence admissible to show the accused's bad character unless the defendant has put his character in issue. *Ware* v. *State,* 91 Ark. 555, 121 S.W. 927 (1909). We do not find these cases applicable in the case at bar. Here the appellant's confederate, who was serving a nine-year sentence on a plea of guilty to the same robbery charge, was called by the state as a witness. However, he testified that he actually committed the armed robbery and that appellant, his friend of several years, was an unwitting accomplice. It clearly appears, on cross-examination, that this witness was trying to take the blame and shield the appellant. He also denied that appellant was to share in the proceeds of the robbery. On re-direct the state pursued the inquiry by asking the witness if he had not on previous occasions shared funds with the appellant whenever he, the witness, "made a score of any kind." The witness

replied that he had never done anything before with the appellant. He was also permitted to be questioned as to whether he had previously taken "a fall" thereby exonerating appellant of possessing a stolen shotgun. The witness answered that he had exonerated appellant by "telling the truth."

We perceive no prejudice to appellant. Also, in view of the witness's evasive and inconsistent statements which obviously were designed to cast blame upon himself for the armed robbery and exonerate appellant, we think the state properly was permitted to make these inquiries as bearing on the witness's credibility.

Appellant also contends that there was no substantial evidence to support the verdict and, therefore, the trial court erred in not granting his motion for a directed verdict. The trial court properly overruled appellant's motion. The victim of the armed robbery identified the appellant as being present with the other participant during the robbery. Appellant attracted the victim's attention by making a purchase of some wine and cigarettes. When the store employee opened the cash register, appellant's companion, the state's witness, robbed him of $100 at gunpoint. The state's witness finally admitted that he had furnished the appellant with sufficient money for the purpose of making the purchase and that appellant had knowingly aided and abetted in the robbery.

Affirmed.